IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARIO SERRANO

    Petitioner,

v.                                                                  CIV NO. 03-0873 MCA/ACT

TIM LEMASTER, Warden,

    Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on Respondent Tim LeMaster's Motion to Dismiss the Petition for a Writ of Habeas Corpus. The Motion was filed on August 28, 2003 and Petitioner has not responded. (Doc. No. 8). The United States Magistrate Judge, having reviewed the Petition, its exhibits, the Motion to Dismiss, the Memorandum in Support, the Answer, and the accompanying Exhibits finds that the Motion to Dismiss is well taken and recommends that it be GRANTED. Petitioner Mario Serrano has also asked for appointment of counsel in a letter accompanying his Petition for a Writ of Habeas Corpus. (Correspondence dated July 17, 2003 from Petitioner). The United States Magistrate Judge recommends that the request for appointment of counsel be DENIED.

PROPOSED FINDINGS

1. Petitioner is currently incarcerated in a New Mexico correctional facility pursuant to a

Judgment, Sentence and Commitment of the Second Judicial District Court, County of Bernalillo, State of New Mexico in cases Nos. CR 2001-01274, CR 2001-01401, CR 2001-01436, CR 2001-01454 and CR 2001-01672. Petitioner is proceeding *pro se* and *in forma pauperis*.

2. Petitioner pled no contest to six (6) counts of Receiving or Transferring a Stolen Vehicle, one (1) count of Larceny, one (1) count of Battery upon a Peace Officer, four (4) counts of Resisting, Evading or Obstructing an Officer, six (6) counts of Auto Burglary, one (1) count of Conspiracy to Commit Auto Burglary, and one (1) count of Criminal Trespass. The five cases, Nos. CR 200-01274, CR 2001-01401, CR 2001-01436, CR 2001-01454 and CR 2001-01672, were consolidated for plea and sentencing purposes. (Answer, Exhibits A & B).

3. Judgment, Sentence and Commitment was entered against the Petitioner in the consolidated case on December 12, 2001. Petitioner was sentenced to twenty-three and a half (23 ½ ) years with all but ten (10) years suspended followed by five (5) years on supervised probation. (Answer, Exhibit A).

4. At all times, during the Plea and Disposition as well as during the imposition of the Judgment and Sentence, Petitioner was represented by counsel. (Answer, Exhibits A and B).

5. Petitioner filed a Motion to Withdraw his Plea, Set Aside the Conviction and to Reconsider Sentence on October 31, 2001. The Motion was denied. The Court also denied the Petitioner's counsel's Motion to Withdraw. Both Orders were entered of record December 12, 2001. (Answer, Exhibits C, E, H and G).

6. Petitioner, acting *pro se*, filed a Motion for Reconsideration of his Sentence on February 6, 2002 in the Second Judicial District Court, County of Bernalillo, State of New Mexico. The Motion was denied on February 11, 2002. (Answer, Exhibits I and J).

 7. Petitioner, again acting *pro se*, filed a second Motion for Reconsideration on April 4, 2002 in the Second Judicial District Court, County of Bernalillo, State of New Mexico. The Motion was denied on May 22, 2002. (Answer, Exhibits K and L).

 8. Petitioner filed his *pro se* state Petition for a Writ of Habeas Corpus on October 15, 2002 alleging an illegal sentence, prejudice by the sentencing judge toward the Petitioner, ineffective assistance of counsel, and coercion to sign the Plea and Disposition Agreement. The state Petition was denied on October 28, 2002. (Answer, Exhibits M and N).

 9. On July 23, 2003, Petitioner filed his federal Petition for a Writ of Habeas Corpus. (Doc. No. 1).

 10. Respondent answered and moved to dismiss on August 28, 2003, asserting that the Petition is barred by the one year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. §2244(d)(1). (Docs. No. 8 and 9).

 11. AEDPA states that "the limitation period shall run from the latest of - (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244 (d)(1). Petitioner had thirty (30) days from the entry of the Judgment, Sentence and Commitment in the consolidated cases Nos. CR 200-01274, CR 2001-01401, CR 2001-01436, CR 2001-01454 and CR 2001-01672 in which to seek a review or until January 11, 2002. NMRA, 12-201(A)(2).

 12. The statute of limitations for filing his federal petition for Writ of Habeas Corpus began to run January 12, 2002, the day after the Judgment, Sentence and Commitment in consolidated cases Nos. CR 200-01274, CR 2001-01401, CR 2001-01436, CR 2001-01454 and CR 2001-01672 became final.

13. The tolling provisions of AEDPA, contained in 28 U.S.C. §2244(d)(2), suspend the time counted toward the one year statute of limitations during which a properly filed application for state post-conviction review is pending.  In this case, the Petitioner filed three applications for state post-conviction review - two Motions for Reconsideration of his Sentence and one state Habeas Corpus Petition.

14. Assuming for purposes of this Recommended Deposition that the applications for state post conviction review were properly filed, the total time tolled was ninety-seven (97) days. The first motion for reconsideration tolled the AEDPA statute of limitations for six (6) days from February 6, 2002 to February 11, 2002.  The second motion for reconsideration tolled the AEDPA statute of limitations for forty-eight (48) days from April 4, 2002 to May 22, 2002.  The state petition for a writ of habeas corpus tolled the AEDPA statute of limitations for forty-three (43) days from October 15, 2002 until November 28, 2002, the last day on which Petitioner could have appealed his denial of his state petition for habeas corpus to the Supreme Court of the State of New Mexico which he failed to do.  Rule 12-501 N.M.R.A. 2003.

15. The one year statute of limitations of AEDPA, 28 U.S.C. §2244 (d)(1), is applicable to the Petitioner and bars his Petition for a Writ of Habeas Corpus as untimely filed.  The Petitioner filed his Petition on July 23, 2003, eighteen months after his Judgment, Sentence and Commitment became final on January 12, 2002.  Taking into account the ninety-seven (97) days tolled by virtue of the pending state post-conviction reviews, the Petitioner filed this federal Petition for a Writ of Habeas Corpus approximately 94 days too late, approximately three months after the last possible date for filing this federal petition.

16. Petitioner has not responded to the Motion to Dismiss and has not brought forth any

facts in his petition or correspondence which would support the doctrine of equitable tolling. *See, Miller v. Marr*, 141 F. 3d 976, 978 (10th Cir. 1998), *cert. denied*, 525 U.S. 891 (1998). Therefore, the Court finds that the Petition for a Writ of Habeas Corpus is barred under the one year statue of limitations of AEDPA.

## RECOMMENDED DISPOSITION

IT IS HEREBY RECOMMENDED that Respondent's Motion to Dismiss be GRANTED, the §2254 Petition for a Writ of Habeas Corpus be DISMISSED as time-barred, and the Petitioner's Request for Appointment of Counsel be DENIED.

## NOTIFICATION

THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections to with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102, pursuant to 28 U.S.C. §636 (b)(1). A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
ALAN C. TORGERSON
UNITED STATES MAGISTRATE JUDGE